IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DEMETRI KELLEY,                )
                               )
    Plaintiff,                 )
                               )
v.                             )   CIVIL ACTION NO.
                               )     2:12cv564-MHT
VENTURE EXPRESS, INC.,         )         (WO)
and ALLEN'S CARTAGE, INC.,     )
                               )
    Defendants.                )
```

## OPINION

This matter is before the court on the parties' joint motion for approval of settlement agreement, of payments, and of dismissal with prejudice. The court has before it the settlement agreement and full and final general release of all claims signed by all parties.

On June 29, 2012, plaintiff Demetri Kelley filed his complaint against defendants Venture Express, Inc., and Allen's Cartage, Inc., asserting that they had failed to pay him overtime owed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

On April 2, 2013, the parties filed the pending motion for approval of the settlement agreement. The agreement included a payment to Kelley for settlement of the FLSA claims, a payment to his counsel for attorneys' fees incurred in prosecuting the FLSA claims, and a payment to Kelley $ 50.00 for release and waiver of all non-FLSA claims.

The court held a hearing on April 26, 2013, to discuss this motion and address the settlement agreement. At this hearing, the parties' counsel represented that the agreement was fair and reasonable and asked for the court's approval of it. Further, Kelley stated that he was satisfied with the agreement. At the hearing, the court stated that it would not approve the portions of the settlement agreement waiving and releasing the non-FLSA claims for $ 50.00, and the parties responded that that portion would be withdrawn from the settlement agreement.

The court also stated that it would unseal the settlement agreement, and Venture Express and Allen's

Cartage responded that this would not affect the settlement. The court expressed concern about the agreement's confidentiality provision. The parties assured the court, however, that the confidentiality provision, as they mutually understand it, does not prevent Kelley from disclosing the terms of the settlement with anyone, including coworkers; nor does it prevent him from disclosing the legal theories he pursued in this litigation. Rather, the confidentiality provision is to be narrowly construed as precluding Kelley from disclosing personnel information and trade secrets he may have learned through discovery in this case.

When an employee brings a private action under the FLSA and presents a proposed settlement agreement to the district court, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's FoodStores, Inc. v. United States Dept. of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982). Here, the court finds that the parties have

reached an agreement based on a negotiated, good-faith compromise of a bona-fide dispute over application of relevant provisions of the FLSA and of back wages owed under the FLSA based on Kelley's assertion that he was not properly compensated for overtime worked. Furthermore, the court finds that the agreement reflects a fair and reasonable resolution of the dispute between the parties.

The court, however, will not approve the portions of the settlement agreement providing for waiver of non-FLSA claims for $ 50.00 for reasons expressed in Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1284 (M.D. Ala. 2011) (Thompson, J.) and in Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (Merryday, J.), and, upon representation of counsel for all parties at the hearing on April 26, 2013, those provisions are no longer part of the settlement agreement. The court also rejects the parties' request that the settlement agreement be sealed; the settlement agreement is a

public record and will not be sealed.  See Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003) (Thompson, J.); see also Dees v. Hydradry Inc., 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010) (Merryday, J.).  The court approves the confidentiality provision with the understanding that the provision does not prevent Kelley from disclosing the terms of this settlement agreement, including the amount of the settlement.  See Hogan, 821 F. Supp. 2d at 1283; Dees, 706 F. Supp. 2d at 1242.  With the understanding that the proposed settlement incorporates the modifications discussed above, the court will approve the proposed settlement.

    An appropriate judgment will be entered.

    DONE, this the 8th day of May, 2013.

                                    ____/s/ Myron H. Thompson_____
                                       UNITED STATES DISTRICT JUDGE